```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**RONALD BLOODWORTH,**

    **Plaintiff,**

    vs.                          Civil Action 2:10-CV-1122
                                      Judge Marbley
                                      Magistrate Judge King

**DEBORA A. TIMMERMAN-COOPER,**
**WARDEN, et al.**

    **Defendants.**

<u>ORDER and</u>
<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on plaintiff's letter requesting an injunction against "prison officials . . . preventing me from mailing anything to the courts," Doc. No. 30, and on defendants' motion to strike that letter.  Doc. No. 31.  For the reasons that follow, the motion to strike is **DENIED**.  It is **RECOMMENDED** that plaintiff's request for an injunction be **DENIED**.

I.    BACKGROUND

Plaintiff filed the original *Complaint* on January 3, 2011, alleging that his constitutional rights were denied him while he was incarcerated at London Correctional Institution ["LoCI"].  *Complaint*, Doc. No. 4. Named as defendants are various officials at LoCI and the Ohio Department of Rehabilitation and Correction ["ODRC"].  *Id.*  Plaintiff was thereafter transferred to Toledo Correctional Institution ["TCI"].  *Notice of Change of Address*, Doc. No. 10.

On July 29, 2011, plaintiff filed the instant letter requesting an injunction against unidentified prison officials in TCI.  On July 11, August 10, and September 23, 2011, plaintiff filed three amended complaints, Doc. Nos. 28, 32, 34, the first of which was stricken by this Court as illegible.  All of the tendered amended complaints relate to

plaintiff's incarceration at LoCI.

Plaintiff alleges in his letter that (1) he attempted to mail from TCI an amended complaint on July 20, 2011, but that the document was never mailed; (2) he attempted to mail other complaints to this Court but that they were returned to him; and (3) "[n]one of [his] court mail is being mailed out of the institution." *Id.* Defendants filed a motion to strike the letter on the grounds that the letter is not a formal motion and does not certify that it was served on opposing counsel. Doc. No. 31; *see* S.D. Ohio Civ. R. 7.2(c).

**II. DISCUSSION**

This Court concludes that plaintiff's letter requesting an injunction is properly considered as a motion for a preliminary injunction under Fed. R. Civ. P. 65. *See Spencer v. Bouchard*, 449 F.3d 721, 726 (6th Cir. 2006) (noting "the general practice of liberally construing pro se prisoners' filings"). Defendants' motion to strike is therefore **DENIED**.

In evaluating a motion for a preliminary injunction, a court considers "(1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *Sandison v. Mich. High School Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995).

The purpose of a preliminary injunction is "is to provide security for performance of a future order which may be entered by the court." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 219 (1945) A motion for a preliminary injunction should be denied if the movant cannot "demonstrate that the relief sought is related to the injury" alleged in the complaint. *Moody v. Bell*, No. 1:08-CV-796, 2009 WL 3011505, *4 (S.D.

Ohio June 26, 2009) (citing *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 61 (D. Conn. 2003); *see also Atakpu v. Lawson*, No. 1:05-CV-00524, 2006 WL 3803193, *2 (S.D. Ohio 2006) (holding that the plaintiff's motion for a preliminary injunction, requested on the basis of the allegation that the defendant "subject[ed] him to retaliation and harassment for filing this cause of action," was properly denied where the plaintiff had failed to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint") (internal quotation marks omitted).

Here, it is clear that the relief requested in plaintiff's letter – *i.e.*, relief against unidentified prison officials at TCI – is unrelated to the claims asserted in the *Complaint* and each subsequent amended complaint – *i.e.*, based on alleged misconduct on the part of officials at LoCI and ODRC. Neither the *Complaint* nor any of the amended complaints alleges that officials at LoCI or ODRC have interfered with plaintiff's mail at TCI. Moreover, this Court lacks jurisdiction over officials at TCI, who are not named parties to this action. Plaintiff's request for preliminary injunctive relief is therefore without merit.

**WHEREUPON** defendants' motion to strike, Doc. No. 31, is **DENIED**.

It is **RECOMMENDED** that plaintiff's request for an injunction, Doc. No. 30, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

          *s/Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

September 29, 2011