IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RONALD BLOODWORTH,

      Plaintiff,

   vs.                     **Civil Action 2:10-CV-1122**
                               **Judge Marbley**
                               **Magistrate Judge King**


DEBORA A. TIMMERMAN-COOPER,
WARDEN, et al.

      Defendants.


## REPORT AND RECOMMENDATION

Plaintiff, formerly an inmate at the London Correctional Institution ["LoCI"], brings this civil rights action under 42 U.S.C. § 1983. Plaintiff sought and was granted leave to proceed *in forma pauperis.* *Order*, Doc. No. 2. This matter is before the Court on the *Motion of Defendants to Dismiss Plaintiff's Third Amended Complaint (Docs. 34, 34-1)*, Doc. No. 39 ("*Motion to Dismiss*"). For the reasons that follow, it is **RECOMMENDED** that the *Motion to Dismiss*, Doc. No. 39, be **GRANTED IN PART** and **DENIED IN PART**.

I.    **BACKGROUND**

Plaintiff has filed a number of complaint in this action, but all parties agree that it is Doc. No. 34, which defendants refer to as the *Third Amended Complaint*, is the operative pleading.[1] In that pleading, plaintiff alleges three categories of misconduct by employees at LoCI. First, plaintiff alleges that employees of LoCI engaged in secret surveillance of his activities. *Id.* (counts I, II, III). Second, he alleges that employees of LoCI improperly examined and tampered with his

---

[1]This pleading is captioned *First Amended Complaint*, and plaintiff objects to the referral to the pleading as the *Third Amended Complaint*. However, the pleading is clearly not the first amended complaint filed by plaintiff in this action. *See* Doc. Nos. 28, 32, which are also captioned *First Amended Complaint*.

mail and communications. *Id.* (counts IV, V, VI, VII, IX, X). Third, he alleges that employees of LoCI prohibited him from entering the dining facility in retaliation for his filing of grievances. *Id.* (count VIII).

Plaintiff advances his surveillance allegations as claims under the Fourth Amendment (counts I, II) and the Eighth Amendment (count III). In support of the surveillance claims, plaintiff alleges that his in-cell activities corresponded to loud noises from prison officials:

> [A]s plaintiff engaged in various activities, considered personal [inside] of his cell, i.e., pick up a piece of paper, write on a piece of paper, experienced flatulence, touched his pencil, moved his eyeballs, and, touched a piece of paper, simultaneously therewith, and not until, corrections officers working segregation would either: open the block entrance/exit door, slam what sounds like a door in the area outside the [C-Range] where officers congregate, extremely loudly, speak in an abrupt tone of voice to an inmate in a cell on the C-Range, and slam the C-Range entrance door very loudly.

*Id.*, ¶ 11. Based on this and similar allegations, plaintiff concludes that he was "being constantly watched by an unknown prison official, via covert and/or overt video surveillance cameras/equipment." *Id.*, ¶ 13.

Plaintiff advances his mail-related allegations as claims under the First Amendment (counts V, VI, VII), Fourth Amendment (counts IV, IX), and Eighth Amendment (count X). In support of the mail-related claims, plaintiff alleges that LoCI employees improperly interfered with his communications on three occasions. First, plaintiff alleges that certain defendants marked incoming communications, which included an "informal complaint" with masking tape. *Id.*, ¶¶ 24-25. Second, plaintiff alleges that certain defendants opened and failed to mail two informal grievances written by plaintiff. *Id.*, ¶ 47. Third, plaintiff alleges that certain defendants removed him from his cell, "questioned [him] intensely regarding the number of complaints he's filed while in segregation," and at this time removed several "blank informal complaint resolutions forms" from his cell. *Id.*, ¶¶ 64, 68.

Plaintiff advances his dining facility allegation as a claim of retaliation under the First Amendment (count VIII). In support, plaintiff alleges that certain defendants "denied plaintiff an opportunity to eat on May 5, []2010, not as punishment for being late to chow but[] as punishment in retaliation for plaintiff's filing [of grievances] against each defendant on prior occasions." *Id.*, ¶ 150. Plaintiff draws this conclusion on the fact that these defendants allegedly "permitt[ed] the inmate walking directly in front of plaintiff to eat without incident." *Id.,* ¶ 150; *see also id.,* ¶¶ 104-05.

## II. DISCUSSION

Defendants move to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). Parties moving under Rule 12(b)(6) bear the burden of demonstrating that dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In resolving a motion to dismiss, a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). A plaintiff does not satisfy the pleading requirement by advancing "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). A court must dismiss a complaint that does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## A. Surveillance Claims (Counts I, II, III)

Plaintiff advances three claims based on allegations that prison employees engaged in a secret campaign of surveillance. Defendants ask this Court to dismiss the claims as "fanciful."

Under 28 U.S.C. § 1915(e)(2)(b)(i), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious." A complaint filed *in forma pauperis* will be dismissed as "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is frivolous if it relies on "fanciful factual allegation[s]." Although this action survived the initial screen of the original complaint pursuant to 42 U.S.C. § 1915(e) and § 1915A, the Court has "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). The Northern District of Ohio dismissed similar claims by plaintiff as "irrational and delusional" under 42 U.S.C. § 1915(e). *Bloodworth v. Konteh*, No. 3:10-CV-1617, 2010 WL 4809037, *2 (N.D. Ohio Nov. 18, 2010) ("The claims that Defendants deliberately made sounds when Plaintiff performed daily functions of dressing and changing, even blinking his eyes or picking up pencils, are incredulous.").

Because the factual allegations in support of plaintiff's surveillance claims are clearly frivolous, the Court reconsiders its initial review under 28 U.S.C. § 1915(e) and concludes that dismissal of counts I, II and III is appropriate.

**B.   Mail Misconduct Claims (Counts IV, V, VI, VII, IX, X)**

Plaintiff advances six claims based on allegations that prison employees interfered with certain communications. Defendants challenge the sufficiency of these claims.

**(1)   Fourth Amendment Claims ()**

Plaintiff advances two of his mail misconduct claims, *i.e.*, counts IV, IX, as Fourth Amendment claims. Defendants object to count IV on the ground that "Bloodworth bases that claim on no factual allegations" and

therefore contend that this claim must fail under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009). *Motion to Dismiss*, Doc. No. 39, p.4. Defendants object to count IX on the grounds that (1) "[p]rison officials are allowed to inspect an inmate's personal mail," (2) plaintiff's allegations regarding his legal mail "lack foundation," (3) plaintiff fails to allege that the relevant legal mail "involved privileged information," and (4) plaintiff fails "to allege that he was injured by the inspection of his mail." *Id.*, p.4.

Count IV alleges that the warden of LoCI

promulgate[d] an informal, unwritten, in-coming mail policy applicable to the segregation unit regarding the re-opening, re-inspecting and reading of all incoming U.S. Mail and all institutional correspondence by segregation corrections officers[] to deprive plaintiff, and all LOCI segregation inmates of their clearly established federally protected rights.

*Third Amended Complaint*, Doc. No. 34, ¶ 136. It is true that plaintiff's official statement of the facts does not allege that all of his incoming correspondence was opened or inspected while he was in segregation; it is also true that the official statement of facts does not include any allegation concerning the incoming correspondence of other inmates. Nevertheless, it is clear that count IV is not simply a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949. Furthermore, it is well-established that a *pro se* complaint must "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Defendants' objection to the sufficiency of count IV therefore fails.

Count IX alleges that certain defendants

opened plaintiff's properly marked incoming, previously inspected, purely personal letter from friends and family and read it, outside plaintiff's presence; opened plaintiff's properly marked incoming mail, removed the letter from its envelope of origin, read it, and placed it in an "INMATE FREE ENVELOPE", outside of plaintiff's presence; opened plaintiff's

> properly marked incoming court mail and read it outside of his
> presence.

*Id.*, ¶ 154. Defendants challenge the sufficient of count IX in four
respects. First, defendants argue that prison officials may, subject to
certain conditions, open an inmate's incoming personal mail. *See*
*Merriweather v. Zamora*, 569 F.3d 307, 316-17 (6th Cir. 2009); *Parrish v.*
*Johnson*, 800 F.2d 600, 603-04 (6th Cir. 1986). Although that proposition
is generally true, defendants' statement of the law – which suggests that
defendants may search an inmate's incoming personal mail at any time, in
any manner, and for any reason – sweeps too broadly. *See Parrish*, 800
F.2d at 604 (noting that "arbitrary opening and reading of [inmate's]
personal mail" formed the basis for a First Amendment claim). Beyond
defendants' over-broad statement of law, defendants make no attempt to
develop this argument. Defendants' first objection to count IX therefore
fails.

Second, defendants' attempt to challenge count IX by citing Fed. R.
Evid. 602 and asserting a lack of foundation is clearly insufficient.
Under Fed. R. Evid. 602, "[a] witness may not testify to a matter unless
evidence is introduced sufficient to support a finding that the witness
has personal knowledge of the matter." At the summary judgment stage,
a plaintiff's personal knowledge of matters in the verified complaint may
be relevant. *See Totman v. Louisville Jefferson County Metro Gov't*, 391
F. App'x 454, 464 (6th Cir. 2010). But for the purpose of a motion to
dismiss, this Court must "treat as true all of the well-pleaded
allegations of the complaint." *See Bower,* 96 F.3d at 203. Defendants'
foundation argument is without merit.

Third, defendants cite no legal authority for their proposition that
a claim premised on interference with legal mail must specifically allege
that such mail "involved privileged information." *Motion to Dismiss*,

Doc. No. 39, p.5.  In addition, and defendants' assertion to the contrary notwithstanding, the Supreme Court's decision in *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974), does not stand for the principle that "the restriction on inspection of inmate mail only applies to mail that is protected by attorney client privilege."  Defendants' argument in this regard therefore fails.

Fourth, defendants' citations regarding prejudice to litigation are irrelevant to plaintiff's Fourth Amendment claims.  Both *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996), and *Baker v. Wells*, 39 F. App'x 150, 152 (6th Cir. 2002), concern claims asserting a violation of a prisoner's First Amendment right of access to the courts.  Such cases are inapplicable to plaintiff's claims under the Fourth Amendment.  See *Weatherspoon v. Ferguson*, 302 F. App'x 231, 231-32 (5th Cir. 2008) (holding that a court properly dismissed a right of access claim that failed to allege injury, but distinguishing between Fourth Amendment claims and right of access claims).  Plaintiff's final objection to count IX therefore fails.

**(2)  First Amendment Retaliation Claims (Counts V, VI, VII)**

Plaintiff advances three of his mail misconduct claims as First Amendment retaliation claims.  Defendants challenge the sufficiency of these claims, arguing that they are conclusory and "do[] not allege why [plaintiff] believes any of this alleged conduct was done in retaliation for his use of the grievance system."  *Motion to Dismiss*, Doc. No. 39, p.7.

The elements of a First Amendment retaliation claim are "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal

connection between elements one and two--that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). It is not enough to state, without supporting factual allegations, that prison officials engaged in retaliation. *Pack v. Martin*, 174 Fed. App'x 256, 259 (6th Cir. 2006); *see Figel v. Overton*, 121 F. App'x 642, 648 (6th Cir. 2005) ("In his complaint, [plaintiff] asserts that Defendants' confiscation of his religious texts was retaliation for his filing of complaints, grievances, and litigation against them. However, he alleges no facts in support of his claim of a retaliatory motive."); *Shavers v. McKee*, No. 2:07-cv-105, 2010 WL 3734011, *1 (W.D. Mich. Aug. 27, 2010).

Here, counts V, VI, and VII allege that defendants engaged in misconduct specifically aimed at communications concerning the grievance process. *Third Amended Complaint*, Doc. No. 34, Count V (¶¶ 64-72, 137-40), Count VI (¶¶ 24-28; 141-44), Count VII (¶¶ 64-72, 145-48). Count V alleges that a defendant "retriev[ed] . . . , open[ed] and discard[ed] plaintiff's out-going institutional grievances." *Id.*, ¶ 138; *see also id.*, ¶ 47. Count VI alleges that certain defendants "tap[ed] with masking tape the outside of plaintiff's incoming kite in its entirety on June 26, 2009 . . . because of plaintiff's protected conduct of utilizing the inmate grievance procedure." *Id.*, ¶ 142. Plaintiff's statement of facts indicates that the communication at issue concerned an "informal complaint." *Id.*, ¶ 25. Count VII alleges that certain defendants searched plaintiff's cell, and the corresponding factual allegations assert that they did so during a meeting "regarding the number of complaints [plaintiff has] filed" and seized "eight blank informal complaint resolutions." *Id.*, ¶¶ 64, 146; *see also id.* 64-72. Because plaintiff alleges specific facts in support of his claims that defendants

targeted communications concerning the grievance procedure, defendants'
argument is without merit.

**(3)   Eighth Amendment Claim (Count X)**

Plaintiff advances his final mail misconduct claim as an Eighth
Amendment Claim.  Defendants object to count X on the grounds that
"[m]ere harassment, even if maliciously motivated, does not constitute
cruel and unusual punishment under the 8th Amendment" and that "[t]here
must be at least a 'specific deprivation of a single human need.'"
*Motion to* Dismiss, Doc. No. 39, p.6 (citing *Wilson v. Seiter*, 501 U.S.
294, 305 (1991)).  The Court agrees that plaintiff's allegations fail to
state a claim for a violation of the Eighth Amendment.  *See Miller v.
Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) ("The district court
properly concluded that one instance of deprivation of books, linens,
food trays, and mail did not violate the Eighth Amendment . . . ."); *see
also Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995)(dismissing an
Eighth Amendment claim based on the alleged denial, at various times, of
a requested tooth brush, tooth paste, deodorant, soap, sheets, blankets,
pillow cases, pillows, mattresses, legal mail and clothing).  Dismissal
of count X is therefore appropriate.

**C.   Dining Facility Claim (Count VIII)**

Plaintiff alleges an additional claim concerning his access to the
dining facility as a First Amendment retaliation claim.  Defendants
object to this claim on the grounds that it is conclusory and "does not
allege why [plaintiff] believes any of this alleged conduct was done in
retaliation for his use of the grievance system." *Motion to Dismiss,*
Doc. No. 39, p.7.

Here, defendants are correct that plaintiff fails to allege any
connection between his use of the grievance system and defendants'

alleged actions against him. Plaintiff does not allege that defendants engaged in the alleged actions soon after he filed a particular grievance or that their behavior directly affected plaintiff's actions in filing grievances. Instead, plaintiff bases his conclusion of retaliation on the single allegation that these defendants "permitt[ed] the inmate walking directly in front of plaintiff to eat without incident." *Id.,* ¶ 150; *see also id.*, ¶¶ 104-05. Plaintiff does not, however, assert that the unnamed inmate was allowed to eat because he had not filed grievances. In light of the conclusory nature of plaintiff's allegations, dismissal of count VIII is appropriate.

**D.    Count XI**

Because count XI is a request for damages unattached to an independent claim, it is unnecessary to address count XI here. *See Third Amended Complaint*, Doc. No. 34-1, ¶¶ 159-62.

**E.    Qualified Immunity**

Because defendants' qualified immunity argument depends entirely on their other arguments, *see Motion to Dismiss*, Doc. No. 39, pp. 9-10, it is unnecessary to separately address that argument here.


It is therefore **RECOMMENDED** that the *Motion to Dismiss*, Doc. No. 39, be **GRANTED IN PART** and **DENIED IN PART**. It is specifically **RECOMMENDED** that counts I, II, III, VIII, and X be **DISMISSED** but that all other claims remain for resolution.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C.

§636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                    *s/Norah McCann King*
                                 Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge


February 23, 2012