**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**


**RONALD BLOODWORTH,**

    **Plaintiff,**

    vs.                                    **Civil Action 2:10-CV-1122
Judge Marbley
Magistrate Judge King**

**DEBORA A. TIMMERMAN-COOPER,
WARDEN, et al.**

    **Defendants.**

## ORDER

On February 12, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that defendants' *Motion to Dismiss*, Doc. No. 39, be granted in part and denied in part. *Report and Recommendation*, Doc. No. 51. In particular, the Magistrate Judge recommended that counts I, II, III, VIII and X be dismissed but that all other claims remain for resolution. *Id*. Plaintiff has filed objections to the *Report and Recommendation*. *Objections*, Doc. No. 60. The Court will consider the matter *de novo*. 28 U.S.C. 636(b); Fed. R. Civ. P. 72(b).

Plaintiff does not object to the recommendation that counts VIII and X be dismissed, but does object to the recommendation that counts I, II, and III of the *Complaint* be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). Counts I, II, and III allege a secret surveillance campaign against him in violation of his rights under the Fourth and Eighth Amendments to the United States Constitution:

> [A]s plaintiff engaged in various activities, considered personal [inside] of his cell, i.e., pick up a piece of paper, write on a piece of paper, experienced flatulence, touched his pencil, moved his eyeballs, and, touched a piece of paper, simultaneous therewith, and not until, corrections officers working segregation would either: open the block entrance/exit door, slam what sounds like a door in the area outside the [C-Range] where officers congregate, extremely loudly, speak in an abrupt tone of voice to an inmate in a cell on the C-Range,

and slam the C-Range entrance door very loudly.
*Third Amended Complaint*, Doc. No. 34, ¶ 11.  Plaintiff complains that he was "being constantly watched by an unknown prison official, via covert and/or overt video surveillance cameras/equipment."  *Id.*, ¶ 13. The Magistrate Judge recommended that these claims be dismissed as frivolous because they lack an arguable basis either in law or fact and are based on "fanciful factual allegation[s]."  *Report and Recommendation*, p. 4, quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff objects to this recommendation, arguing that these claims "are clearly not as far out as" the claims asserted in other cases dismissed on similar grounds.  *Objections*, Doc. No. 60, pp. 4-5; *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990); *Turner v. U.S. Navy*, 793 F. Supp. 679, 680 (E.D. Va. 1992).  Plaintiff also argues that his allegations are not frivolous because of "the existence of video surveillance cameras and spyware equipment, purportedly portraying the wrongdoing."  *Objections*, Doc. No. 60, p.7.

This Court agrees that the claims asserted in counts I, II and III of the *Third Amended Complaint* lack an arguable basis either in law or fact and are appropriately dismissed.  Under these circumstances, plaintiff's *Objection*, Doc. No. 60, is **OVERRULED**.  The *Report and Recommendation*, Doc. No. 51, is **ADOPTED and AFFIRMED**.

Defendants' *Motion to Dismiss*, Doc. No. 39, is **GRANTED** in part and **DENIED** in part.  Counts I, II, III, VIII, and X of the *Third Amended Complaint*, Doc. No. 34, are therefore **DISMISSED**.  All other claims remain for resolution.

s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge