```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**RONALD BLOODWORTH,**

       **Plaintiff,**

     **vs.**                               **Civil Action 2:10-CV-1122**
                                                       **Judge Marbley**
                                                       **Magistrate Judge King**

**DEBORA A. TIMMERMAN-COOPER,**
**WARDEN,** *et al.*,

       **Defendants.**


## REPORT AND RECOMMENDATION

Plaintiff, a state inmate formerly incarcerated at the London Correctional Institution ("LoCI"), brings this civil rights action under 42 U.S.C. § 1983.  This matter is before the Court on *Defendant William Bierbaugh's Motion to Dismiss* ("*Bierbaugh's Motion to Dismiss*"), Doc. No. 70.  Plaintiff opposes *Bierbaugh's Motion to Dismiss*.  *Plaintiff's Opposition to Defendant Bierbaugh's Motion to Dismiss* ("*Plaintiff's Response*"), Doc. No. 81.  Defendant Bierbaugh has not filed a reply.  For the reasons that follow, it is **RECOMMENDED** that *Bierbaugh's Motion to Dismiss* be **GRANTED**.

Plaintiff's *Third Amended Complaint*, Doc. No. 34, alleges three categories of misconduct by various employees at LoCI.  First, plaintiff alleges that employees of LoCI engaged in secret surveillance of his activities.  *Id*. (counts I, II, III).  Second, he alleges that employees of LoCI improperly examined and tampered with his mail and communications.  *Id*. (counts IV, V, VI, VII, IX, X).

Third, he alleges that employees of LoCI prohibited him from entering the dining facility in retaliation for his filing of grievances.  *Id*. (count VIII).  On August 28, 2012, the Court dismissed counts I, II, III, VIII and X of the *Third Amended Complaint* for failure to state a claim.  *See Order*, Doc. No. 71, p. 2.

Defendant Bierbaugh now moves to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.  *Motion to Dismiss*, p. 1.

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint.  *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983).  In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id*.  Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.

*Bierbaugh's Motion to Dismiss* argues that the *Third Amended Complaint* should be dismissed, as against defendant Bierbaugh, because it contains no factual allegations against this defendant. *Bierbaugh's Motion to Dismiss*, pp. 1, 3.  Plaintiff does not contest that there are no factual allegations against defendant Bierbaugh.  Rather, plaintiff argues that it would be improper to dismiss the claims against defendant Bierbaugh prior to plaintiff's identification of the John Doe defendants.  *See Plaintiff's Response*, pp. 2-4.

The identification of the John Doe defendants has no bearing on whether plaintiff has stated a claim against defendant Bierbaugh. Defendant Bierbaugh is a named defendant; plaintiff does not, as he contends, *see id*. at p. 5, need discovery to reveal Bierbaugh's "identity."  The *Third Amended Complaint* contains no factual allegations whatsoever against defendant Bierbaugh,[1] let alone facts sufficient to state a colorable claim against him.

It is therefore **RECOMMENDED** that *Defendant William Bierbaugh's Motion to Dismiss*, Doc. No. 70, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy

---

[1] The only reference to defendant Bierbaugh in the *Third Amended Complaint* is an allegation that he is employed as a corrections officer at LoCI.  *Third Amended Complaint*, p. 9.

3

thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

November 16, 2012             s/Norah McCann King
                                  Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge