10IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RONALD BLOODWORTH,** | : | |
| | : | |
| Plaintiff, | : | Case No. 10-cv-1121 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **DEBORA TIMMERMAN-COOPER,** *et al.*, | : | |
| | : | Magistrate Judge Norah King |
| Defendants. | : | |
| **RONALD BLOODWORTH,** | : | |
| | : | |
| Plaintiff, | : | Case No. 10-cv-1122 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **DEBORA TIMMERMAN-COOPER,** *et al.*, | : | |
| | : | Magistrate Judge Norah King |
| Defendants. | : | |

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

### I. INTRODUCTION

These two related actions are both brought by Plaintiff Ronald Bloodworth. Plaintiff alleges that employees of Ohio's London Correctional Institution, where he was formerly an inmate, committed various tortious acts and retaliation against him. The first case is numbered 2:10-cv-1121 (the "1121 Case") and the second case is numbered 2:10-cv-1122 (the "1122 Case"). The two cases address different specific allegations of employee misconduct by prison staff, but are essentially similar and both arise out of Plaintiff's incarceration at London Correctional Institution. This matter is before the Court on two Reports and Recommendations by the magistrate: (1) 1121 Case Doc. 157; and (2) 1122 Case Doc. 114. The magistrate has recommended that both cases be dismissed on their merits. Plaintiff has not filed any objections

to the magistrate's Reports and Recommendations, despite having received extensions for that purpose.  Plaintiff has, however, filed a motion seeking to voluntarily dismiss the cases pursuant to Fed.R.Civ.P. 41(a)(1).  The Court first addresses Plaintiff's motion to voluntarily dismiss and then decides whether to adopt the Reports and Recommendations of the magistrate.

## II. MOTION TO VOLUNTARILY DISMISS

Once a defendant files a motion for summary judgment, a plaintiff must receive approval from to Court in order to voluntarily dismiss the action under Fed.R.Civ.P. 41(a)(1).  *Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  The Court's approval is required to prevent a defendant from suffering legal prejudice.  In the Sixth Circuit, courts consider four factors to determine whether defendant would incur legal prejudice if plaintiff voluntarily dismissed a case: (1) the effort and expense a defendant has undertaken; (2) excessive delay on the part of a plaintiff; (3) insufficient explanation for the need to take a dismissal; and (4) whether a motion for summary judgment has been filed.  *Id*.

In this case, all four factors weigh against allowing Plaintiff to voluntarily dismiss his related cases at this late stage.  These actions have been pending before this Court for three years during which time Defendants have filed nearly a dozen motions, including the two motions for summary judgment also disposed of by this order.  Plaintiff has filed more than twenty motions seeking an extension of time, most of which has been granted, and Plaintiff has repeatedly filed late responses despite the extensions.  While the Court understands the difficulty an incarcerated individual has when prosecuting a complaint pro se, the delays in this case have been excessive.

Plaintiff's explanation for seeking to voluntarily dismiss the case now is that he is in segregation within the prison and under mental stress.  Again, the Court is sympathetic to those challenges, but the timing of Plaintiff's request to voluntarily dismiss is suspect.  Defendants

2

have moved for summary judgment in both cases.  The magistrate has issued a Report and Recommendation in each case recommending that the cases be dismissed.  Plaintiff sought an extension of his time to object to those recommendations, but then asked to voluntarily dismiss rather than filing any objections.  In context, Plaintiff's motion to voluntarily dismiss is an attempt to circumvent the deadline for filing objections, which the magistrate already extended at Plaintiff's request.  A voluntary dismissal would be without prejudice and would allow Plaintiff to embark on this arduous litigation all over again, despite the fact that the case has arrived at the end of the summary judgment stage and the magistrate has recommended the cases be dismissed on the merits.  Thus, the Court finds that Defendants would suffer legal prejudice if Plaintiff were allowed to voluntarily dismiss his claims at this stage.  Plaintiff's Motion to Voluntarily Dismiss is, therefore, **DENIED**.  This Court now considers the two Reports and Recommendations entered by the magistrate.

### III. ADOPTION OF REPORTS AND RECOMMENDATIONS

On June 20, 2013 the United States Magistrate Judge issued a Report and Recommendation in the 1121 case recommending that Defendants' motion for summary judgment be granted and this action be dismissed.  (1121 Case Doc. 157)  On June 11, 2013 the United States Magistrate Judge issued a Report and Recommendation in the 1122 case recommending that Defendants' motions for summary be granted and this action be dismissed. (1122 Case Doc. 114)  As discussed above, the parties were specifically advised of their right to object to the Report and Recommendation and of the consequences of their failure to do so.  There has nevertheless been no objection to the Report and Recommendation, despite the grant of an extension to file objections.

4

The Reports and Recommendations (1121 Case Doc. 157 & 1122 Case Doc. 114) are hereby **ADOPTED and AFFIRMED**.  The following motions for summary judgment filed by Defendants are **GRANTED**: 1121 Case Doc. 112 & 1122 Case Doc. 95.  Defendants' Motion for Summary Judgment on Plaintiff's First Amendment Claims (1122 Case Doc. 98) is **DENIED AS MOOT**.  There are no claims remaining in either case.  These actions are hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                           s/ Algenon L. Marbley
                                           **ALGENON L. MARBLEY**
                                           **UNITED STATES DISTRICT JUDGE**

**DATED: September 4, 2013**